```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           OCALA DIVISION
```

JOSE RAMON ECHEMENDIA,

    Plaintiff,

v.                                    Case No: 5:14-cv-262-Oc-29PRL

UNITED STATES OF AMERICA,

    Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court upon review of Defendant's motion for summary judgment (Doc. #17, Motion). Despite being warned about the provisions of Federal Rule of Civil Procedure 56, see Docs. #11, #18, Plaintiff has not filed a response to Defendant's motion. See docket. This matter is ripe for review.

**I.**

Plaintiff Jose Ramon Eschemendia, a federal prisoner incarcerated at Coleman-Medium FCI (hereinafter "Coleman FCI"), initiated this action by filing a *pro se* Civil Rights Complaint Form (Doc. #1) against the United States of America, as the sole defendant. Pursuant to the Court's Order directing Plaintiff to file a signed Complaint form, see Doc. #5, Plaintiff is proceeding on his Amended Civil Rights Complaint (Doc. #6). The Amended Complaint concerns medical care, or alleged lack thereof, Plaintiff was provided at Coleman FCI that eventually resulted in

the amputation of two of his toes at Leesburg Medical Center. See generally Amended Complaint. It is undisputed that, in June, 2011, Plaintiff arrived at Coleman FCI and during the medical screening was diagnosed with Type-II diabetes. Id. at 6; Motion at 1. Plaintiff was issued work boots instead of diabetic footwear. Amended Complaint at 6; Motion at 1. The work boots allegedly caused Plaintiff blisters on his feet. Id. The Medical Department at FCC-Coleman treated Plaintiff's blisters and a note on July 1, 2011, indicated that the blisters were healing. Id.

On July 5, 2011, Plaintiff returned to the medical department because it appeared his left foot had become infected. Amended Complaint at 7; Motion at 2. After three rounds of antibiotics, Plaintiff's left foot remained infected. Id. By August 19, 2011, Plaintiff lost feeling in his left foot. On August 20, 2011, federal correctional officials brought Plaintiff to Leesburg Medical Center, where Plaintiff's left foot was diagnosed with infection, including MRSA. Amended Complaint at 7; Motion at 2; Exh. 1, Leesburg Medical Center records. On August 20, 2011, Leesburg Medical Center medical staff decided that amputation of Plaintiff's two toes on his left foot was required. Id. Surgery was completed on August 25, 2011. Id.

Defendant moves for summary judgment and contends that the action is barred by the statute of limitations because Plaintiff did not file his administrative claim required under the Federal

Tort Claims Act (hereinafter "FTCA") within the two-year requisite time period. See Motion. For the reasons that follow, the Court agrees that the action is time-barred.

## II.

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues. . . . ." 28 U.S.C. § 2401(b); see also Phillips v. United States, 260 F.3d 1316, 1317 (11th Cir. 2001) ("It is undisputed that under section 2401(b), a tort claim must be presented to the appropriate federal agency within two years after the claim accrues. . . . .")). Defendant points to the presentment requirement as defined in 28 C.F.R. § 14.2(a)(2015), which states, "a claim shall be deemed to have been presented when a Federal Agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident." Id. (emphasis added).

Plaintiff's medical claim arose when he learned of the new diagnosis that required amputation of his two toes. United States v. Kubrick, 444 U.S. 111, 122 (1979) (noting that a claim for medical negligence under the FTCA accrues when a plaintiff "is in possession of the critical facts that he has been hurt and who had inflicted the injury."). The Amended Complaint and undisputed medical record reveals that Plaintiff was aware of his injury no later than August 20, 2011. Amended Complaint at 7; see also Exh.

1. ("By August 19, 2011, I had lost all feeling in my toes on my left foot, they had turned black.  I was taken to Leesburg Regional Medical Center who diagnosed me with (MRSA), and the Dr. informed me that I may lose my left foot.  I was informed by Leesburg Regional medical professionals that in order to save my foot I would have to have my 2nd and 3rd toes amputated.").

Plaintiff prepared his first administrative grievance claim on August 7, 2013, which according to the prison date stamp was presented to prison authorities for mailing on August 22, 2013. See Exh. 2, Decl. of John Upchurch.  The envelope used for mailing the administrative claim shows the postage date as August 23, 2013. See Exh. 2 at 19.  Nevertheless, Plaintiff's administrative claim was received by the Regional Counsel's Office on August 26, 2013. Exh. 3, Decl. of Caixa M. Santos.  Because the operative date for purposes of evaluating whether an administrative claim is timely filed is the date the administrative claim was *received*, see 28 C.F.R. § 14.2, Plaintiff's claim was received six days *after* the two-year limitations period expired.

The Court recognizes, however, that the Eleventh Circuit Court of Appeals has extended the mail box rule described in Houston v. Lack, 487 U.S. 266 (1988), to claims filed under the FTCA.  See Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993). Assuming *arguendo* that the mail box rule should extend to the filing date of an administrative claim required under 28 U.S.C. §

2401(b), Plaintiff's administrative claim was still two days late using the August 22, 2013 prison date stamp affixed on the administrative claim and the August 20, 2011 date Plaintiff learned his toes would require amputation.

Significantly, Plaintiff has not filed a response to Defendant's motion for summary judgment, or otherwise presented a reason why the filing deadline should be equitably tolled. <u>United States v. Kwai Fun Wong</u>, 135 S. Ct. 1625 (2015). Consequently, Plaintiff's action must be dismissed without prejudice for failure to comply with the two-year deadline set forth in 28 U.S.C. § 2401(b).

ACCORDINGLY, it is hereby

**ORDERED:**

1.  Defendant's motion for summary judgment (Doc. #17) is **GRANTED** and the Amended Civil Rights Complaint (Doc. #6) is dismissed without prejudice.

2.  The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this __17th__ day of March, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: ftmp-1
Copies: All Parties of Record